IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

RALEIGH DIVISION

| | | |
|---|---|---|
| Kevin C. Umphreyville | ) | |
| Plaintiff Pro Se | ) | |
| v. | ) | Case No. 5:17-cv-35-BO |
| The U.S. Government | ) | Jury Trial |
| (Judicial Branch) | ) | |
| Defendant | ) | |

Complaint

Motion For Judgment

NOW COMES the Plaintiff, and moves that this Court enter a judgment in favor of the Plaintiff against the Defendant, and for his motion, states as follows:

FACTS COMMON TO ALL COUNTS

1. The Plaintiff is a resident of the State of North Carolina residing in the city of Cary.

2. Jurisdiction is established as the Defendant is the U.S. Government, for the denial of due process, and for the negligent acts and omissions committed by employees, and other individuals acting on behalf of the Government, including individuals in Virginia, North Carolina, and South Carolina.

1

3. Constitutional issues and Diversity issues exist in this case, and the constitutional issues presented in this complaint were completely ignored by the Government.
4. In accordance with the provisions of the Federal Torts Claim Act (FTCA), this lawsuit arises as a result of the improper dismissal of case number 5:12 CV-00635-F, and all previous acts and omissions committed by Government employees and other individuals acting on behalf of the Government in regard to previous lawsuits, and the ongoing cover up of the original 2002 Federal prosecution against the Plaintiff.
5. The purpose of this lawsuit, and all previous suits filed by the Plaintiff, is to present the true facts to a jury, and have the jury affirm the facts in favor of the Plaintiff, and against the Government.
6. The Plaintiff will then have a legal decision based on fact, and the resources to have his Military record corrected.
7. The Plaintiff has kept his legal standing viable on these issues by filing successive lawsuits addressing the improper acts committed by the Government.
8. The negligence committed by the Government is clearly recorded in the documents the Plaintiff will provide during the course of this case.
9. The original negligence took place on March 9th 2002, when a rookie NCIS agent improperly arrested, interrogated, and took fingerprints of the Plaintiff.
10. The rookie agent ignored the evidence in his possession at the time of the arrest, and refused to allow the Plaintiff to take a polygraph.
11. After more than two months of a "supposed investigation" a military prosecutor filed eleven criminal charges against the Plaintiff that were in direct conflict with the evidence in his possession.

12. Three military hearings proved exactly that. The prosecutor had filed fraudulent criminal charges, with a "supposed" maximum imprisonment exceeding two life sentences, and with the intention to coerce a guilty plea on fabricated minor charges.
13. Exhibit "A", submitted with this complaint, is the incredible transcript of the Article 32 Hearing. This document provides irrefutable evidence that proves that the Government could not produce a single witness to demonstrate any credibility on any of the charges, and that the Government's seven witnesses corroborated the Plaintiffs version of events on all charges addressed at the Article 32 Hearing. (see paragraph 15 of Exhibit "A").
14. Even more incredible is the fact that not a single defense witness was called, even though the Plaintiff requested a number of specific witnesses to address the fabricated minor charges. The Plaintiff was told by his "defense attorneys" that it was not necessary, as the prosecution had been completely discredited.
15. The Plaintiff was shocked when he received a copy of the Article 32 Recommendation eight days later, and learned that the Major that presided over the Article 32 Hearing was recommending that several of the illegitimate minor charges be referred to a summary court martial, after neglecting to address them at the Article 32.
16. Additionally, the Plaintiff had requested that his attorneys demand that all charges be dismissed at the Article 32, and was told that the process did not allow them to do that, and not to worry because the Command would most likely dismiss all charges. The Plaintiff would learn later that his attorneys could have, and should have demanded that all charges be dismissed at the Article 32 Hearing.
17. The process became very contentious when approximately three weeks later the Plaintiff received a phone call from his attorney and was told that he should plead guilty to four minor charges.

3

18. The attorney was told in no uncertain terms that he was to tell the Command that they could take all eleven charges to the court martial of their choice, and that the Plaintiff would hire a new attorney if needed.
19. Within a few hours the Plaintiff received a call from his military attorney, and was told that the SJA knew he was innocent, and that seven of the eleven charges had been dismissed as a result of the Article 32 Hearing, and that the Command wanted to send the four remaining charges to a NJP hearing in order to dismiss them there.
20. After approximately seven weeks the Plaintiff was called in for the NJP hearing, and could not believe it when the Commander told him that he thought he was guilty of the four minor charges.
21. Exhibit "B" submitted with this complaint is the Government's "official transcript" of the first NJP hearing on September 6, 2002. Not only does Exhibit "B" demonstrate the level of incompetence demonstrated by the Government employees involved in the process, but it also provides irrefutable evidence that none of the Plaintiffs requested witnesses were present, and that there were no prosecution witnesses available to add any credibility to any charge.
22. The Plaintiff explained his innocence, but was told that they would not complete the NJP process on that day. He was told that he would be called back sometime in the next few weeks, and that they would have witnesses present to address any points of contention.
23. Exhibit "C", submitted with this complaint, is the Governments transcript of the second and final NJP hearing that took place on September 11, 2002. It provides the evidence that clearly demonstrates the denial of due process, as no witnesses were present and the Plaintiff was simply told that he was guilty of four minor charges. This was a direct violation of the requirements of

4

the UCMJ and the United States Constitution. The Plaintiff would learn later that all eleven criminal charges were still pending at that time.

24. Exhibit "C" documents the incompetence, corruption, and arrogance displayed by the few individuals involved in the process. It provides unquestionable evidence that the Plaintiff had absolutely no representation, and that the Government could never produce a single witness to add any credibility to any charge. The Plaintiff did not sign the document, and the statements on the "transcript" were never stated or written by the Plaintiff. Apparently a Cpl Edward is responsible for those statements, as he was listed as the "Recorder" in the upper right hand corner of the document.

25. The Plaintiff did not know Cpl Edward but does not believe that he was present during the NJP hearing, as there were only a few people in the room.

26. There is no evidence that could even suggest that there was a legitimate finding of guilt on any charge.

27. The worst was yet to come, as the disposition of charges was completely corrupted. The Plaintiff had no representation in the process, and the Government falsified the record to the extent to deny the Plaintiff a career in law enforcement.

28. The affect of the vindictive falsified disposition has been more indicative of a felony conviction, causing a substantial loss of liberty.

29. Although the Plaintiff has never seen the falsified disposition of charges, as the Government has refused to release the document, Exhibit "D" submitted with this complaint, provides direct evidence of the corrupted disposition.

30. Exhibit "D" is a response letter from the Department of Navy to Senator Richard Burr that is dated June 10, 2009. In this letter, William Klein, the Assistant Director for Communications, makes

5

an inadvertent release of information that reveals the level of corruption and vindictiveness involved in the disposition of charges.

31. So, after seven years of the Government trying to convince three different Senators that the process had been conducted fairly, and that the Plaintiff had been legitimately found guilty of four minor charges at an NJP hearing, William Klein made a critical error.

32. Exhibit "D" reveals a great deal about the corrupted process, however the three most important revelations are:

    (a) The Government said that the Plaintiff pled guilty to one of the charges. This is an unequivocal lie, and the Plaintiff will provide a sworn statement later in this case that proves it to be an intentional lie.

    (b) The Government tried to convince the Senator that they were required to "submit data" on military members investigated for felony "violations" if the member was the subject of any resultant judicial or non-judicial military proceeding. The evidence shows that there never should have been any further judicial or non- judicial proceeding. In fact, the evidence shows that there never should have been any charges filed.

    (c) Most importantly Mr. Klein makes the inadvertent admission that the Governments original disposition was flawed to the extent that it at least indicated a finding of guilt on a criminal charge. Mr. Klein's admission that the disposition had been updated to read "non-judicial disciplinary action" proves the vindictive and untruthful nature of the original disposition. His admission, that after seven years of lying, and after destroying a career, that the Government was going to do the Plaintiff a favor is a disgusting display of ignorant arrogance.

6

33. So, after ten years as a Military Police Officer in the Marine Corps and the Army National Guard, a Bachelors Degree in criminal justice, and his service in Iraq, the Plaintiff was forced to start a completely different career. After the first week in his new career as a manager for a large national security firm, the Plaintiff was informed that they would have to let him go as a result of the falsified disposition.
34. Even now, fourteen years later, the Plaintiff experiences new incidents of lost liberties, resulting from the vindictive, falsified disposition.
35. So, this lawsuit follows the dismissal of case number 5:12-CV-00635-F, and the Order and Mandate number 13-1854 (5:12-CV-00635-F).
36. Case number 5:12-CV-00635-F was filed in US District Court Eastern District of North Carolina, and the Mandate from the United State Court of Appeals for the Fourth Circuit was filed on February 3, 2014.
37. The previous dismissals were the result of intentional negligence in which the government ignored the direct evidence, and formulated analyses that provided improper protections for the defendants, and denied the Pro Se Plaintiff his right to due process.
38. Case number 5:12-CV-00635-F was dismissed prior to any hearing, as the Government improperly claimed judicial immunity for itself, and ignored the significance of the evidence and allegations set forth by the Plaintiff.
39. On page 3 of the Judgment, in the Analysis section, the Court attempted to establish that the Government is "entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim". However the Court ignored the overwhelming evidence that

7

clearly demonstrated that the Government had intentionally corrupted the previous case. The Plaintiff will provide all of this evidence as this case moves forward.

40. Intentional corruption is illegal regardless of who is involved, and therefore the Governments claim of immunity is of no merit.

41. Additionally, the evidence against the Government in regard to the ongoing cover up is more than overwhelming, it is irrefutable. In the most resent FOIA Request submitted by the Plaintiff, the Government made another inadvertent release of evidence that further demonstrates the level of corruption involved in the 2002 disposition of charges. The Government released a CD containing 179 pages of the disproven "prosecution evidence" that was provided by the Government, to State, and Federal databases, to harm the Plaintiff. This 179 pages of highly redacted misinformation, combined with the inadvertent release of 2009, leaves no doubt as to the reason for the loss of liberty the Plaintiff has endured.

42. Exhibit "E" is a copy of the FOIA Request filed by the Plaintiff on September 2, 2015.

43. Exhibit "F" is a copy of the first response from the Department of Navy, in which the Government again attempts to avoid the release of the requested documents. Rather, the Government had a "Paralegal Specialist" construct a single page response that only references supposed excerpts from the requested documents.

44. Exhibit "G" is a copy of the Plaintiffs "Freedom of Information Act Appeal". This Appeal addresses the Governments ongoing attempts to cover up the original wrongdoing, and references some of the important evidence that confirms the corrupted process.

45. As expected, the Plaintiffs Appeal was denied with references to a completely irrelevant document that had nothing to do with the documents requested.

8

46. Exhibit "H" is a copy of the Plaintiffs response letter dated January 16, 2016. The Plaintiff affirmed his legal right to the requested documents and asked that they be provided within the required 20 day period.
47. Exhibit "I" is a copy of the Government's final refusal to comply with the Plaintiffs FOIA Request, and denying his Appeal. The Government claimed that it had met its obligation to conduct a "reasonable" search for the requested documents, and inferred that they could not be located. This is another attempt to mislead, as the Government had already provided excerpts from one of the requested documents (see Exhibit F).
48. So again, the Government has refused to properly comply with a legal request, denying documents that should be filed in the Plaintiffs Official Military Record. This denial, along with the overwhelming evidence against the Government with regard to the original negligent acts, the ongoing cover up, and the improper dismissal of the most recent lawsuit, requires action, correction, and compensation.
49. The allegations set forth in paragraph 1 through 48 above are incorporated herein as if each were set forth in its entirety for each count.

**Count I- Negligence-** for the negligent acts and omissions of all Government employees and other individuals acting on behalf of the Government for the improper dismissal of case 5:12-CV-00635-F, and the denial of all subsequent appeals for oversight. This dismissal came prior to any hearing, and claimed that the Government was entitled to sovereign immunity as a result of judicial immunity. This is simply the Government improperly protecting the Government at the expense of an individual citizen. The Court (Government) is required by law to properly consider all allegations and evidence that has been correctly submitted in a lawsuit, and the Court did not do that. Instead the Government

9

ignored the evidence of corruption, and claimed that the Government is entitled to immunity as a result of Section 2674 of the FTCA, which states that the Government may assert any defense based upon judicial or legislative immunity which would have been available to the employee of the Government whose acts or omissions gave rise to the claim. The Courts Judgment dated June 11, 2013 explained the required criteria to assert such a defense on page 3 stating "It is well established that judges, in exercising the authority vested in them", are absolutely immune from civil lawsuits for money damages.

    It defies all logic, common sense, and the law based on our US Constitution to claim that the corruption described in case 5:12-CV-00635-F and the previous case 5:07-CV-00096, meets the required and stated standard of "exercising the authority vested in them". Our Constitution, laws and legal standards do just the opposite by setting very high ethical and legal standards, and do not grant any judge the authority to lie or demonstrate contempt for the evidence presented in a case. Therefore, the Judgment rendered in case 5:12-CV-00635-F is incorrect, and needs to be addressed.

**Count II-Corruption-** negligence can be a form of corruption, and although this case 5:12-CV-00635-F did not involve the type of overt and overwhelming corruption exhibited in the previous case, the Court ignored the type of evidence presented in the case, and therefore continued the corruption that is well established in the record of evidence dating back to March 9, 2002.

    The Court ignored the evidence of corruption, that 11 criminal charges were never properly disposed of, the ongoing cover up, and the fraudulent responses provided by the Government to the Plaintiff, and to three different US Senators. These are the overwhelming facts that were presented in evidence to the Court, and therefore the Courts attempts to establish that the type of

10

acts described in the complaint, corruption, lies, and contempt for evidence are authorities vested in a judge, are completely without merit, and need to be addressed.

WHEREFORE, the Plaintiff prays that this Court award him judgment in an amount determined by the jury, in compensation for 14 years of lost liberty, the cost involved in the pursuit of justice over the last 14 years, and the additional cost that will be incurred for the correction of the record, and purging the falsified entries in State and Federal databases.

Date: January 20, 2017

Respectfully submitted,

Kevin C. Umphreyville
Plaintiff Pro Se
103 Chalmette Court
Cary, North Carolina 27513
919-606-3997

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20th day of January, 2017, served a copy of the foregoing Complaint and Summons upon the below-listed parties by placing a copy in U.S. Registered Mail, addressed as follows:

John Stuart Bruce
United States Attorney
Civil Division
310 New Bern Avenue
Suite 800   Federal Building
Raleigh, NC  27601-1461
Attn: Civil Process Clerk

Judge James C. Fox Chambers
United States Courthouse
2 Princess Street
Wilmington, North Carolina   28401

*/signature/* 1-20-17
Kevin C. Umphreyville

103 Chalmette Court
Cary, North Carolina 27513