IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-35-BO

| | | |
|---|---|---|
| KEVIN C. UMPHREYVILLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES GOVERNMENT (JUDICIAL BRANCH), | ) ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on the government's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, proceeding in this action *pro se*, has responded, the government has replied, and plaintiff has filed a sur-reply. In this posture, the motion is ripe for ruling. Also pending and ripe for review is the government's motion to seal. For the reasons that follow, the government's motions are granted.

## BACKGROUND

Plaintiff filed this action on January 20, 2017, alleging claims for negligence by government employees and other individuals for the improper dismissal of case No. 5:12-CV-635-F (E.D.N.C.) and denial of all subsequent appeals and for corruption by the court for ignoring evidence of prior corruption related to criminal charges against plaintiff. Cmp. ¶¶ 49. Plaintiff's prayer for relief seeks a monetary judgment for fourteen years of lost liberty, the costs involved in the pursuit of justice, and additional costs for correcting the record and purging falsified entries in state and federal databases. Plaintiff has filed this action pursuant to the

Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, and the Constitution of the United States.

In 2002, plaintiff was a United States Marine stationed at Parris Island, South Carolina and was charged with violating four articles of the Uniform Military Code of Justice for conspiring to impede an investigation and committing rape and sodomy. *Umphreyville v. Gittins*, 662 F. Supp. 2d 501, 503 (W.D. Va. 2009), *aff'd*, 366 Fed. App'x 460 (4th Cir. 2010). The charges against plaintiff were resolved in an Article 15 nonjudicial punishment proceeding wherein the Commanding Officer found plaintiff to have violated two articles of the Uniform Military Code of Justice and imposed a punishment which included a reduction in pay grade and forfeiture of pay. *Id.* at 507. Plaintiff was honorably discharged from the Marine Corps after completing his term of enlistment. *Id.*

In 2007, plaintiff filed suit in the United States District Court for the Western District of Virginia alleging claims for breach of contract and legal malpractice against his civilian attorney who represented him during a portion of the military proceedings. *Id.* at 501. The court, Conrad, J. presiding, granted the defendant's motion for summary judgment, and that decision was affirmed by the court of appeals. 366 Fed. App'x 460 (4th Cir. 2010). On September 27, 2012, plaintiff filed a complaint in this Court against the United States District Court for the Western District of Virginia and the Fourth Circuit Court of Appeals alleging claims arising from improper acts and omissions committed by the district court and for the court of appeals' failure to provide proper oversight. The Court, Fox, J. presiding, granted the government's motion for judgment on the pleadings and dismissed plaintiff's claims; the court of appeals affirmed the dismissal. *Umphreyville v. U.S. Dist. Court for W. Dist. of Virginia*, No. 5:12-CV-635-F, 2013 WL 2635210, at *3 (E.D.N.C. June 12, 2013), *aff'd*, 546 Fed. App'x 275 (4th Cir. 2013).

The instant complaint alleges that the judgment in case No. 5:12-CV-635-F is incorrect and needs to be addressed. The complaint further contends that this Court ignored past corruption that has been established dating back to 2002 and that by doing so it continued the corruption. Plaintiff's allegations focus on perceived defects in plaintiff's military proceedings and in the legal malpractice proceedings in the Western District of Virginia. Plaintiff contends that the defense of immunity is not applicable in light of the corruption present in these proceedings.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts

3

pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant, the United States, again raises the defense of judicial immunity. It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.*; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA provides the sole waiver of sovereign immunity for tort actions against the United States, and provides for monetary compensation when a government employee, acting within the scope of employment, injures another by a negligent or wrongful act or omission. 28 U.S.C. § 2674.

As plaintiff's claims against the judicial branch of the United States government are for negligence and corruption of the judges presiding over his two prior federal district court cases,[1] his claims fall under the FTCA. Under the FTCA, the government is entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee whose act or omission gave rise to the claim. *Id.* As the Court previously held, plaintiff's claims for damages for acts of federal judges in dismissing plaintiff's suits are barred by absolute judicial immunity.

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

---

[1] Insofar as plaintiff seeks to challenge the findings or authority of the military tribunal, this Court is plainly without authority to consider such challenge.

4

*Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (internal quotation and citation omitted). Judges are entitled to absolute immunity unless it is demonstrated that the judge acted in clear absence of all jurisdiction or that the challenged act was not a judicial act. *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992). Plaintiff's allegations are directed at judicial acts, meaning those normally performed by judges, and there has been no allegation that either Judge Fox or Judge Conrad acted in clear absence of all jurisdiction. Judicial immunity applies to plaintiff's claims. *See also Tinsley v. Widener*, 150 F. Supp. 2d 7, 12 (D.D.C. 2001) (United States entitled to immunity defense which would be available to judicial officer).

At bottom, plaintiff seeks to challenge the Court's order dismissing his claims in case No. 5:12-CV-635-F, as well the dismissal of his Western District of Virginia action. Plaintiff's avenue for review of the judgments in his prior cases was direct appeal, which plaintiff pursued. However, insofar as plaintiff attempts to argue that the prior judgments are void, Fed. R. Civ. P. 60(b)(4), a judgment is not void even if it is allegedly erroneous, and may only be found to be void if the issuing court lacked jurisdiction or if the court acted in a manner inconsistent with due process. *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992). Civil judgments are generally not subject to collateral attack, as "all that due process requires in a civil case is proper notice and service of process and a court of competent jurisdiction." *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982). Plaintiff has failed to sufficiently allege any violation of his due process rights or that either court lacked jurisdiction to consider his claims, and this case is properly dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 14] is GRANTED. For good cause shown, the government's motion to seal [DE 12] is also GRANTED.

SO ORDERED, this __14__ day of July, 2017.

                             *Terrence Boyle*
                             TERRENCE W. BOYLE
                             UNITED STATES DISTRICT JUDGE